United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41363
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MICHAEL SHAIN BITTICK,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-137-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Michael Shain Bittick pleaded guilty to receipt of child

pornography and was sentenced to 121 months of imprisonment and

three years of supervised release after a remand by this court

for resentencing pursuant to United States v. Booker, 543 U.S.

220 (2005).  Bittick argues that the district court violated his

rights by enhancing his base offense level based on conduct not

charged in the indictment, not admitted by him, and not proven by

the Government at sentencing, resulting in the sentence being

unreasonable.  Bittick suffered no Booker violation.  See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Johnson, 445 F.3d 793, 797 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). In Booker, the Supreme Court determined that the mandatory application of the Sentencing Guidelines violated the Sixth Amendment's requirement of a jury trial. Id. Bittick was re-sentenced under the advisory sentencing regime after Booker was decided. See Johnson, 445 F.3d at 797. Following Booker, in determining the guideline range of imprisonment, a district court determines all facts relevant to sentencing in the same manner as before Booker. Id. at 798. The district court did not err in considering facts not charged in the indictment, not admitted by Bittick, and not found by a jury beyond a reasonable doubt. See id.

Bittick contends that the district court had little or no evidence to substantiate the sentencing enhancements. The Presentence Report (PSR) set forth the facts upon which the probation officer and the district court applied the enhancements. The district court may rely on the facts in the PSR post-Booker. See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). The facts have an adequate evidentiary basis and Bittick does not present rebuttal evidence. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). Bittick does not otherwise argue that his sentence is unreasonable. See United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). His sentence is AFFIRMED.